**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| **Colony Insurance Company,** ) | Case No.: 2:23-cv-600-RMG |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **COMPLAINT** |
| **Joseph Fields Helen Fields, individually** ) | |
| **and dba Joseph Fields Farms, and Shelby** ) | |
| **Anne Meyerhoffer,** ) | |
| ) | |
| **Defendants.** ) | |

1.  Colony Insurance Company ("Colony") is a Virginia corporation with its principal place of business located in Illinois.

2.  On knowledge and belief, Defendant Joseph Fields is a citizen and resident of Charleston County, South Carolina.

3.  On knowledge and belief, Defendant Helen Fields is a citizen and resident of Charleston County, South Carolina.

4.  On knowledge and belief, Joseph and Helen Fields owned, operated, and/or maintained their farm and business under and operated under the trade name Joseph Field Farms, which did business in Charleston County, South Carolina.

5.  On knowledge and belief, Defendant Shelby Anne Meyerhoffer is a citizen and resident of Charleston County, South Carolina.

6.  The jurisdictional amount exceeds Seventy-Five Thousand Dollars ($75,000) because this lawsuit seeks a declaration as to whether a farm and ranch liability policy with an

each-occurrence coverage limit of $1,000,000 provides coverage for claims in excess of $75,000 related to an alleged animal attack on a property reportedly owned by Joseph and/or Helen Fields.

7. This Court has subject matter jurisdiction over this matter pursuant to Article III of the United States Constitution, 5 U.S.C. § 701 et seq., and 28 U.S.C. §1332.

8. The Plaintiff files this declaratory action under 28 U.S.C. §2201.

9. Venue is proper in the Charleston Division because: Joseph and Helen Fields are residents of Charleston County, South Carolina; the property at issue is located in Charleston County, South Carolina; Joseph and Helen Fields operated the business under the trade name Joseph Fields Farm in Charleston County; and a substantial part of the events or omissions giving rise to the claim occurred in Charleston County.

10. Upon information and belief, this Court has personal jurisdiction over these defendants.

**FACTS**

11. Plaintiff Colony issued Joseph and Helen Fields DBA Joseph Fields Farms a Farm and Ranch Liability Insurance Policy, Policy No. 101 FO 0059122-05 (the "Policy") for the period from July 18, 2020 to July 18, 2021. A copy of the Policy is attached as **Exhibit 1**.

12. The Named Insureds on the Policy's Declarations Page are "Joseph and Helen Fields DBA Joseph Fields Farms."

13. The Policy's Farm and Ranch Coverage Part Declarations identify the "Form of Business" as an "Individual" rather than as a Limited Liability Company or other form of business.

14. The Business Description on the Common Policy Declarations is "Farm."

15. On or about June 10, 2022, Plaintiff Shelby Anne Meyerhoffer filed a Complaint in the Court of Common Pleas in Charleston County, South Carolina, bearing Case No. 2022CP1002649 (the "Lawsuit"). The Complaint in the Lawsuit names several defendants: Heather Galvin; Henry Galvin d/b/a Charleston Sloth and Exotics, LLC; Joseph Fields; Helen Fields; and Joseph Fields Farms, LLC. Colony has provided a defense to Joseph and Helen Fields subject to a reservation of rights.

16. The Complaint in the Lawsuit alleges that Joseph and Helen Fields are citizens and residents of Charleston County, South Carolina, and that that Joseph Fields Farm, LLC is "the name under which Joseph Fields and Helen Fields owned, operated, and/or maintained their farm and/or business".

17. The Lawsuit further alleges that Heather and Henry Galvin are citizens and residents of Charleston County and that Charleston Sloth and Exotics, LLC is "the name under which Heather Galvin and Henry Galvin owned, operated, and/or maintained their animal exhibition and business".

18. Per the Complaint in the Lawsuit, Joseph Fields Farm is an agricultural property located at 3129 River Road, Johns Island, South Carolina 29455.

19. The Complaint in the Lawsuit also alleges that Joseph Fields Farm, LLC permitted "Defendants Galvin" to operate an animal exhibition business on the property, which was called Charleston Sloth and Exotics, LLC.

20. At all times relevant to the underlying Complaint, Charleston Sloth and Exotics rented a portion of the agricultural property at 3129 River Road from Joseph Fields Farm, LLC for purposes of its retail exotic animal exhibition business.

21. Charleston Sloth and Exotics kept various animals in cages as part of its retail exotic animal exhibition business.

22. Charleston Sloth and Exotics, LLC's business was not a farmers market, concession or roadside stand, or restaurant.

23. According to the Lawsuit, the Plaintiff, Ms. Meyerhoffer, is a student at the College of Charleston who arrived for work at Charleston Sloth and Exotics on or about June 15, 2021, "when she was instructed to clean the animal cages."

24. The Complaint alleges Ms. Meyerhoffer was insufficiently trained on how to interact with and take care of the animals, and that she was not warned of the dangerous natures of some of the animals.

25. Among the animals allegedly owned and maintained by Charleston Sloth and Exotics as part of its business was a kinkajou, a tropical rainforest animal weighing from 3 to 7 pounds.

26. The Lawsuit alleges that on or about June 15, 2021, while cleaning the cages "at the direction of the Defendants," Ms. Meyerhoffer was attacked by the kinkajou.

27. According to the Complaint in the Lawsuit, Ms. Meyerhoffer had no opportunity to avoid the attack and that she had no knowledge of the kinkajou's "violent nature" or "that the cage was unlocked."

28. The Complaint in the Lawsuit alleges that "Defendants never informed Plaintiff and Plaintiff otherwise had no knowledge that the Kinkajou was not vaccinated or that the Kinkajou was poisonous."

29. The Lawsuit alleges that Ms. Meyerhoffer sustained severe injuries, including disfigurement and mental anguish, and that she required "significant medical attention" and

incurred "substantial medical care and expenses and other costs" from the animal attack. She also alleges pain and permanent scarring.

## FOR A FIRST DECLARATION

30. The allegations in the above paragraphs are realleged as though repeated verbatim herein.

31. As stated in the Policy's Farm & Ranch Coverage Part Declarations:

**Unless coverage is extended as described below, the following are not covered in this policy:**

1. Retail activity (other than on-premises roadside stands selling products produced by the insured);
2. …
3. Custom Farming (Describe).

**"Farming" is extended to include the following Retail Activities, Mechanized Processing Operations, Business Activities (including rental to others) or Business Pursuits (including custom farming) but only if specifically described below:**

- Farmers Markets - Concession Stands - Restaurants

32. The injuries alleged in the underlying Lawsuit did not arise out of an on-premises roadside stand selling products produced by the insured.

33. The injuries alleged in the underlying Lawsuit did not arise out of farmer's market, concession stand, or restaurant.

34. To the extent the injuries alleged in the underlying Lawsuit arose out of the operation of a retail activity or activities, such activity or activities are excluded under the Policy, and Colony is entitled to a declaration that it does not owe a defense or indemnity obligation under the Policy to any Defendant.

35. To the extent the injuries alleged in the underlying Lawsuit arose out of a custom farming activity or activities, such activity or activities are excluded under the Policy, Colony is

entitled to a declaration that it does not owe a defense or indemnity obligation under the Policy to any Defendant.

## FOR A SECOND DECLARATION

36. The allegations in the above paragraphs are realleged as though repeated verbatim herein.

37. Section I, Coverage A of the Policy contains the Policy's Bodily Injury and Property Damage Liability Insuring Agreement. These provisions state in part:

> 1. **Insuring Agreement**
>
>    **a.** We will pay those sums that the "insured" becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the "insured" against any "suit" seeking those damages. However, we will have no duty to defend the "insured" against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

38. The Policy defines "insured" to mean:

> **11.** "Insured"
>    **a.** "Insured" means you. . . .
>       …
>       No person or organization is an "insured" with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.
>       . . . .
>    **d.** "Insured" also means any person or organization:
>       (**1**) Legally responsible for animals or watercraft owned by an "insured" as defined in Paragraph a. above, but only insofar as:
>          (**a**) The insurance under this Coverage Form applies to "occurrences" involving animals or watercraft;
>          (**b**) That person's or organization's custody or use of the animals or watercraft does not involve "business"; and
>          (**c**) That person or organization has the custody or use of the animals or watercraft with the owner's permission.
>       . . .

39. "Joseph Fields Farm, LLC", one of the Defendants named in the underlying Complaint, is not a Named Insured in the Policy.

40. Further, because limited liability companies are only insured if they are expressly listed as a Named Insured in the Policy, and because the form of business is identified as "Individual" and not an LLC, "Joseph Fields Farm, LLC" is not an insured under the Policy.

41. As well, no person (which would include Joseph and Helen Fields) is an insured with respect to the conduct of any current or past limited liability company that is not shown as a Named Insured in the Declarations.

42. The underlying Complaint alleges that Joseph Fields Farm, LLC permitted Charleston Sloth and Exotics, LLC to operate its business at 3129 River Road, Johns Island, South Carolina.

43. Because the allegations in the Complaint arise out of the conduct of a limited liability company—Joseph Fields Farm, LLC—that is not a Named Insured in the Policy, there is no coverage for Ms. Meyerhoffer's claims in the Lawsuit, and Colony is entitled to a declaration that it does not owe a defense or indemnity to any Defendant.

## FOR A THIRD DECLARATION

44. The allegations in the above paragraphs are realleged as though repeated verbatim herein.

45. The Policy's Business Pursuits exclusion provides as follows:

> **Section I - Coverages**
> **Coverage H – Bodily Injury and Property Damage Liability**
>
> **2. Exclusions**
>
>     **i. Business Pursuits**

> "Bodily injury" or "property damage" arising out of or in connection with a "business" engaged in by an "insured". This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the "business".
>
> This exclusion does not apply to an "insured" under the age of 21 years involved in a part time or occasional, self-employed "business" with no employees.
>
> But in the event of "property damage" to which this exception may apply, the person who sustains the "property damage" must be someone other than an "insured";

46. Under the Policy, "'[b]usiness' means a trade, profession, occupation, enterprise or activity, other than 'farming' or 'custom farming,' which is engaged in for the purpose of monetary or other compensation."

47. The alleged injuries arose out of and in connection with the lease of property to Charleston Sloth & Exotics' business, which lease was a trade, profession, occupation, enterprise or activity engaged in by Defendants for the purpose of monetary or other compensation.

48. The lease of Joseph Fields Farms' property to Charleston Sloth & Exotics' business was a trade, profession, occupation, enterprise or activity other than "farming."

49. To the extent the lease of property to Charleston Sloth & Exotics' business was a trade, profession, occupation, enterprise or activity other than "custom farming, Ms. Meyerhoffer's alleged injuries arose out of or in connection with a business as excluded from coverage under the Policy due to the Policy's Business Pursuits exclusion and Colony is entitled to a declaration that it does not owe a defense or indemnity to any Defendant.

## FOR A FOURTH DECLARATION

50. The allegations in the above paragraphs are realleged as though repeated verbatim herein.

51. The Business Activities Endorsement in the Policy only applies only with respect to "the business described in the Schedule".

52. The Schedule in the Business Activities Endorsement's Schedule refers to Declarations form U1401.

53. No rental or lease activities, operation of a zoo or similar animal exhibition business, exotic animals operation, or similar business are identified in Form U1401.

54. Because the Business Activities endorsement is not applicable to Lawsuit, there is no coverage under this endorsement for Ms. Meyerhoffer's claims. For this reason, Colony is entitled to a declaration that it does not owe a defense or indemnity obligation to any Defendant.

## FOR A FIFTH DECLARATION

55. The allegations in the above paragraphs are realleged as though repeated verbatim herein.

56. The Lawsuit's allegations arise out of bodily injury to a person injured while on an insured location by reason of professional services and/or a business or businesses being engaged in there.

57. The Complaint in the Lawsuit alleges injuries to a person providing services conducive to the health of animals.

58. The Business Activities endorsement excludes coverage for "bodily injury" to any person injured while on an "insured location" by reason of a "business" being engaged in there

and no exception applies because the injury arose by reason of services or treatment conducive to the health of animals.

59. As a result, even if the Business Activities endorsement applied, Ms. Meyerhoffer's claims are excluded from coverage and Colony is entitled to a declaration that it does not owe a defense or indemnity to any Defendant.

**FOR A SIXTH DECLARATION**

60. The allegations in the above paragraphs are realleged as though repeated verbatim herein.

61. Under Coverage **H** Exclusion **2.l.(2),** which is the Policy's Rental Of Premises And Ownership Or Control Of Premises exclusion, the Policy excludes coverage for "bodily injury" or "property damage" arising out of "[t]he rental or holding for rental of an insured location."

62. Ms. Meyerhoffer's alleged injuries arose out of the rental or holding for rental of an insured location.

63. No exception to the Rental of Premises And Ownership Or Control Of Premises exclusion applies because the property leased to Charleston Sloth & Exotics was not rented for "farming" purposes.

64. No exception to the Rental of Premises And Ownership Or Control Of Premises exclusion applies because the lease of property to Charleston Sloth & Exotics did not commence during the Policy's annual policy period.

65. No exception to the Rental of Premises And Ownership Or Control Of Premises exclusion applies because the lease of property to Charleston Sloth & Exotics was not the rental of a farm premises acquired during the Policy's present annual policy period.

66. Thus, the Rental Of Premises And Ownership Or Control Of Premises exclusion bars coverage for Ms. Meyerhoffer's claims and Colony is entitled to a declaration that it does not owe a defense or indemnity to any Defendant.

## FOR A SEVENTH DECLARATION

67. The allegations in the above paragraphs are realleged as though repeated verbatim herein.

68. The Policy's Medical Payments coverage is subject to exclusions set forth under Coverage J – MEDICAL PAYMENTS, subsection 2. Exclusions.

69. The injuries alleged in the Complaint arise out of bodily injury to a person injured while on the insured location by reason of professional services being rendered there.

70. The injuries alleged in the Complaint arise out of bodily injury to a person injured while on the insured location by reason of a "business" being engaged in there.

71. The Complaint alleges bodily injury excluded by exclusions under Coverage **H**, including as set forth in this declaratory judgment complaint.

72. As a result, Ms. Meyerhoffer's claims are not subject to Medical Payments coverage under the Policy and Colony is entitled to a declaration that it does not owe Medical Payments coverage in relation to the allegations in the Complaint.

## FOR AN EIGHTH DECLARATION

73. The allegations in the above paragraphs are realleged as though repeated verbatim herein.

74. The Policy contains an endorsement captioned "EXCLUSION – COMMUNICABLE DISEASE".

75. Under this endorsement, the Policy does not apply to "'Bodily injury,' 'property damage', 'personal injury,' or 'advertising injury' arising out of the actual or alleged transmission of a 'communicable disease'".

76. "Communicable disease" means an illness caused by an infectious agent or its toxins that occurs through the direct or indirect transmission of the infectious agent or its products from an infected individual or via an animal, vector or the inanimate environment to a susceptible human host.

77. Upon information and belief, Ms. Meyerhoffer has alleged injury arising out of the actual or alleged transmission of a "communicable disease."

78. To the extent Ms. Meyerhoffer alleges injury arising out of the actual or alleged transmission of a "communicable disease," her claims are not covered under the Policy and Colony is entitled to a declaration that it does not owe either a defense or indemnity in relation to such allegations.

**WHEREFORE**, Plaintiff prays the Court to issue declarations that:

(a) the Plaintiff's Policy does not provide coverage for the allegations in the underlying Complaint filed by Shelby Anne Meyerhoffer;

(b) Plaintiff has no duty to indemnify any Defendant in relation to the allegations in the underlying Complaint filed by Shelby Anne Meyerhoffer;

(c) Plaintiff has no duty to defend any Defendant in relation to the allegations in the underlying Complaint filed by Shelby Anne Meyerhoffer;

(d) For all attorney's fees and costs in bringing this action and for any other remedy as the Court deems appropriate.

*Signature Page to Follow*

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/Brandon R. Gottschall
Mark S. Barrow Fed. I.D. No. 1220
Brandon R. Gottschall Fed. I.D. No. 12201
Daniel Q. Atkinson Fed I.D. No. 13740
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233
**ATTORNEYS FOR THE PLAINTIFF**

Columbia, South Carolina
February 13, 2023